**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **NCK EQUIPMENT CO., INC.** | : | **BANKRUPTCY NO. 25-15260 (AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |
| **ROBERT W. SEITZER, in his capacity** | : | |
| **as the Chapter 7 Trustee for the Estate** | : | |
| **of NCK EQUIPMENT CO., INC.** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **ADVERSARY NO. 26-** |
| | : | |
| **TD BANK, N.A.** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
FOR TURNOVER OF PROPERTY OF THE DEBTOR'S
ESTATE PURSUANT TO 11 U.S.C. § 542**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of

NCK Equipment Co., Inc. (the "Debtor"), brings this complaint (the "Complaint"), pursuant to

Fed. R. Bankr. P. 7001, for turnover of bank account proceeds as property of the Debtor's estate

pursuant to 11 U.S.C. § 542 and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

1334(b) and 28 U.S.C. § 157(a).

2.     This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (0).

3.     Venue of this adversary proceeding is properly in the United States Bankruptcy

Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") pursuant to 28 U.S.C. §

1409(a).

4.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.   By this adversary proceeding, the Trustee seeks turnover from the Defendant (as defined below) of the bank account proceeds to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 542.

## PARTIES

5.      Plaintiff is Robert W. Seitzer, the Chapter 7 Trustee for the Debtor's estate.

6.      Defendant, TD Bank, N.A. (the "Defendant"), is a National Association that maintains a principal place of business at 4140 Church Road, Mount Laurel, NJ 08054.

## FACTUAL BACKGROUND

**A.      Bankruptcy and Procedural Background**

7.      On December 30, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

8.      On the Petition Date, the Trustee was appointed which appointment remains in effect.

**B.      The Bank Account**

9.      The Debtor has at least one bank account with the Defendant ending in 1510 (the "Account").

10.     As of February 28, 2026, the Account held the sum of approximately $41,500.00 (the "Account Proceeds").

## COUNT ONE
### (Turnover of Account Proceeds Pursuant to 11 U.S.C. § 542)

11.     The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

12.     Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

13.     The Account Proceeds are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case."   As such, the Account Proceeds are subject to turnover pursuant to 11 U.S.C. § 542.

14.     Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

15.     Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

16.     The Account Proceeds are property of the Debtor's bankruptcy estate pursuant to Section 541.

17.     The Defendant is in possession, custody, and/or control of the Account Proceeds.

18.     Turnover of the Account Proceeds is appropriate pursuant to 11 U.S.C. § 542.

19.     Accordingly, the Account Proceeds are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against the Defendant:

(a) declaring that the Account Proceeds are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, finding that the Account Proceeds are subject to turnover pursuant to 11 U.S.C. § 542, and directing the turnover of the Account Proceeds (and all other bank account proceeds in the Debtor's name) to the Trustee immediately in accordance with 11 U.SC. § 542;

(b) compelling the Defendant to close the Account and all other bank accounts in the Debtor's name;

(c) awarding pre- and post-judgment interest on the Account Proceeds and all other bank account proceeds in the Debtor's name;

(d) awarding attorneys' fees and costs; and

(e) awarding the Trustee such other and further relief as may be just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: ___/s/ Robert W. Seitzer_____
     ROBERT W. SEITZER
     1900 Spruce Street
     Philadelphia, PA 19103
     (215) 546-4500
     rseitzer@karalislaw.com

*Proposed Attorneys for the Plaintiff/Trustee*

Dated: March 17, 2026

4